OPINION — AG — ** INDEPENDENT SCHOOL DISTRICT — DUAL OFFICE HOLDING — COUNTY OFFICER ** A PERSON HOLDING THE POSITION OF MEMBER OF THE BOARD OF EDUCATION OF AN INDEPENDENT SCHOOL, OR THE POSITION OF JUDGE OF A CITY POLICE COURT, OR THE POSITION OF MOTOR LICENSE AGENT (TAG AGENT), IF NOT OTHERWISE DISQUALIFIED, MIGHT LEGALLY BE APPOINTED TO, AND HOLD, A PRESENTLY VACANT POSITION OF JUSTICE OF THE PEACE, BUT THAT, UNDER THE PROVISIONS OF 51 O.S. 6 [51-6], THE ACCEPTANCE OF SUCH LATER APPOINTMENT AND QUALIFYING THEREFOR, WOULD, IPSO FACTO, VACATE ANY "OFFICE UNDER THE LAWS OF THE STATE", OR ANY POSITION AS "DEPUTY OR ANY OFFICER HOLDING ANY OFFICE UNDER THE LAWS OF THE STATE" THEN HELD BY SUCH PERSON; AND THAT, ALTHOUGH A PERSON APPOINTED AS A MOTOR LICENSE AGENT, UNDER THE PROVISIONS OF 47 O.S. 22.22 [47-22.22], DOES NOT HOLD SUCH AN "OFFICE", AND IS NOT A "DEPUTY OR ANY OFFICER HOLDING ANY OFFICE" UNDER THE LAWS OF THIS STATE, WITHIN THE MEANING OF 51 O.S. 6 [51-6] (DUAL OFFICE HOLDING STATUTE), THE POSITION OF POLICE JUDGE IN A CITY NOT HAVING CHARTER PROVISION TO THE CONTRARY, WOULD EACH BE SUCH AN "OFFICE" WITHIN THE MEANING OF 51 O.S. 6 [51-6]. (MUNICIPALITY, MUNICIPAL EMPLOYEE SCHOOL BOARD) CITE: ARTICLE VII, SECTION 18, 51 O.S. 6 [51-6], 47 O.S. 22.22 [47-22.22] (JAMES C. HARKIN)